FILED

**NOT FOR PUBLICATION**

OCT 18 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GULF INSURANCE COMPANY, | No. 09-16456 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00209-LKK-JFM |
| v. | |
| FIRST BANK, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| v. | |
| BALDWIN RANCH LIMITED PARTNERSHIP, | |
| Third-party-defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON, District Judge.[**]

First Bank appeals the summary judgment in favor of Gulf Insurance Company on Gulf's claims for breach of contract and conversion. The district court awarded Gulf $2.17 million. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

First Bank argues that even if it breached the set-aside agreement with Gulf, Gulf was not damaged because of disbursements to Baldwin Ranch that First Bank and others made. *See Bramalea Cal., Inc. v. Reliable Interiors, Inc.*, 119 Cal. App. 4th 468, 473 (2004) ("A breach of contract is not actionable without damages."). However, we agree with the district court that the agreement on its face guaranteed funding for the construction improvements bonded by Gulf. The contract was irrevocable, meaning that First Bank had no ability to pass on its obligation to other lenders. Both what others did, and what Gulf would have done had it known about First Bank's actions, are immaterial. Accordingly, Gulf was damaged; it did not receive the benefit of its bargain. *See Martin v. U-Haul Co. of Fresno*, 204 Cal.App.3d 396, 409 (1988) ("Damages are awarded in an action for breach of contract to give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been in had the promisor

---

[**]  The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

performed the contract.").  No triable issue exists on this score.  In short, the set-aside amount was irrevocable, it was not disbursed to Gulf, and loss of the guarantee was the damage that Gulf suffered.[1]

AFFIRMED.

---

[1]  Given this disposition, it is unnecessary for us to reach the conversion claim.

*Gulf Insurance Co. v. First Bank*, No. 09-16456

N.R. Smith, Circuit Judge, concurring:

I join the majority in affirming the district court's grant of summary judgment. However, I affirm its decision on the conversion claim.

Gulf succeeded in proving each element of conversion because there are no disputed issues of fact that: 1) the set aside letter and Baldwin's subsequent failure to complete the bonded improvements gave Gulf the right to possession of the remaining $2,177,620.31 that First Bank held for Gulf's benefit; 2) First Bank wrongfully refused to disburse the funds to Gulf; and 3) Gulf was damaged by First Bank's actions. See *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1491 (2006).

On appeal, First Bank argued that money cannot be the subject of a conversion claim. Money can be the subject of a conversion action, if it is a specific, identifiable sum held or received for the benefit of another, even though not segregated. *See PCO v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP,* 150 Cal. App.4th 384, 395-96 (2007), *e.g. Fischer v. Machado*, 50 Cal. App. 4th 1069, 1073 (1996) (money received for sale of farm products and deposited in a general account was recoverable in conversion action). Here, the money was an identifiable sum held for Gulf's benefit. Under California law, the money was subject to conversion.